**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| MARIO D. PORTILLO N., | : | CIVIL ACTION NO. |
| BOP REG # 50062-019, | : | 1:11-CV-01712-TWT-SSC |
|     Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| SIX UNKNOWN NAMED AGENTS, | : | PRISONER CIVIL RIGHTS |
| PRESIDENT BARACK OBAMA, | : | 42 U.S.C. § 1983 |
|     Defendants. | : | |

**MAGISTRATE JUDGE'S ORDER
AND FINAL REPORT AND RECOMMENDATION**

Plaintiff Mario D. Portillo N., an inmate at the Big Spring Correctional Center in Big Spring, Texas, has submitted this *pro se* civil action, seeking relief under 42 U.S.C. § 1983. Title 28 U.S.C. § 1915A requires a federal court to conduct an initial screening of a prisoner complaint seeking redress from an officer or employee of a governmental entity to determine, among other things, whether the complaint is frivolous or fails to state a claim upon which relief may be granted. A complaint is frivolous when it "has little or no chance of success" – for example, when it appears "from the face of the complaint that the factual allegations are clearly baseless or that the legal theories are indisputably meritless." Carroll v. Gross, 984 F.2d 392, 393 (11th Cir.) (internal quotations omitted), cert. denied, 510 U.S. 893 (1993); see also Jackson v. Georgia, 273 F. App'x 812, 813 (11th Cir. 2008) (unpublished decision) (same). A complaint fails to state a claim when it does not include "enough factual matter (taken as true)" to "give the defendant fair

notice of what the . . . claim is and the grounds upon which it rests." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-56 (2007) (noting that "[f]actual allegations must be enough to raise a right to relief above the speculative level," and that the complaint "must contain something more . . . than . . . statement of facts that merely creates a suspicion [of] a legally cognizable right of action" (internal quotations and citations omitted)).

Applying these standards, the undersigned finds that Plaintiff's complaint should be dismissed as frivolous and/or for failure to state a claim. The complaint is indecipherable; it is no more than a string of words and phrases without a discernable pattern or meaning. A small portion of the one-page complaint serves as an example of the whole: "an application, a plaintiff, a Private right, a motion For a Hearing, For a Pro se, alone, himself, a Pro Bono. a Social worker." (Doc. 1 at 1). Plaintiff appears to seek damages of one hundred million dollars, to "deposit in Bank. an End of Within 30 days, once. a writ of execution. a writ of certiorari, a writ of Habeas Corpus, a writ of mandamus and by a Jury Receipt." (Id.)

**IT IS RECOMMENDED** that the Court **DISMISS** Plaintiff's complaint as frivolous and/or for failure to state a claim. See 28 U.S.C. § 1915A; Perez v. CPPCA, No. 10-1915 DMS (CAB), 2010 U.S. Dist. LEXIS 115225, at *3-4 (S.D. Cal. Oct. 28, 2010) (dismissing prisoner complaint as frivolous because it was

2

"incoherent and lack[ed] clear factual allegations").  For the purpose of dismissal only, Plaintiff is **GRANTED** leave to proceed *in forma pauperis*.

The Clerk **SHALL** terminate the referral to the Magistrate Judge.

**IT IS SO ORDERED and RECOMMENDED** this 17th day of October, 2011.

*Susan S. Cole*
SUSAN S. COLE
United States Magistrate Judge